J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole L. Drey (SBN 250235)
nicole@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:     (818) 500-3200
Facsimile:     (818) 500-3201

Attorneys for Plaintiff
Adobe Systems Incorporated

Todd Bennett
tbennett13@cox.net
3138 West Dunbar Drive
Phoenix, Arizona 85041
Telephone:     (602) 790-9916

Defendant, *in pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| Adobe Systems Incorporated, | ) Case No. C08-1545 MMC |
| Plaintiff, | ) [PROPOSED] PERMANENT |
| v. | ) INJUNCTION AND DISMISSAL WITH |
| | ) PREJUDICE |
| Todd Bennett d/b/a Tonic Enterprises and Does 1 – 10, inclusive, | ) |
| Defendants. | ) |

The Court, having read and considered the Joint Stipulation for Permanent Injunction and Dismissal with Prejudice that has been executed by Plaintiff Adobe Systems Incorporated ("Plaintiff") and Defendant Todd Bennett d/b/a Tonic Enterprises ("Defendant") in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to Defendant, his successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1)     This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, 15 U.S.C. § 1051, *et seq.*, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  Service of process was properly made against Defendant.

Adobe v. Bennett:  Proposed Perm. Inj. and Dismissal          - 1 -

2)      Plaintiff is the owner of all rights in and to the copyright and trademark registrations listed in Exhibits A and B attached hereto and incorporated herein by this reference (collectively referred to herein as "Plaintiff's Properties").

3)      Plaintiff has alleged that Defendant has made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

4)      Defendant and his agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined from:

     a)      Infringing Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of Plaintiff's Properties ("Unauthorized Products"), and specifically from:

        i)      Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

        ii)      Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties;

        iii)      Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, that the actions of Defendant, the products sold by Defendant, or Defendant himself are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are affiliated with Plaintiff;

        iv)      Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any

goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5)      Each side shall bear its own fees and costs of suit.

6)      Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7)      This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8)      The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

9)      The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10)     The above-captioned action shall, upon filing by Plaintiff of the Joint Stipulation re Entry of [Proposed] Judgment and [Proposed] Final Judgment and requesting entry of judgment against Defendant, be reopened should any of the Defendant default under the terms of the Settlement Agreement.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Adobe v. Bennett:  Proposed Perm. Inj. and Dismissal                   - 3 -

1

2     11)    This Court shall retain jurisdiction over the Defendant for the purpose of making further

3     orders necessary or proper for the construction or modification of this consent decree and

4     judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible

5     entry of a further Judgment Pursuant to Stipulation in this action.

6     DATED:  September 12, 2008

7

8                                                                    Hon. Maxine M. Chesney
                                                                     Judge, United States District Court
9                                                                    for the Northern District of California

10    PRESENTED BY:

11    J. Andrew Coombs,
      A Professional Corporation
12
      By:
13            J. Andrew Coombs
              Nicole L. Drey
14    Attorneys for Plaintiff
      Adobe Systems Incorporated
15

16    Todd Bennett, an individual and
      d/b/a Tonic Enterprises
17
      By:
18            Todd Bennett, an individual and
19            d/b/a Tonic Enterprises
      Defendant, *in pro se*
20

21

22

23

24

25

26

27

28

      Adobe v. Bennett:  Proposed Perm. Inj. and Dismissal            - 4 -